UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW W. HEARN,

                                                  Plaintiff,

                    -vs-                                              04-CV-990C

JO ANNE B. BARNHART,
Commissioner of Social Security,

                                                  Defendant.

_____


        Plaintiff Matthew W. Hearn initiated this action pursuant to section 405(g) of the

Social Security Act, 42 U.S.C. § 405(g), to review the final determination of the

Commissioner of Social Security (the "Commissioner"), which found that plaintiff had been

overpaid Social Security Disability Insurance ("SSDI") benefits under Title II of the Social

Security Act.[1]   The Commissioner has filed a motion (Item 6) seeking an order reversing

her final decision and remanding the case for rehearing pursuant to the fourth sentence

of section 405(g).[2]   For the following reasons, the Commissioner's motion is granted.


_____

        [1]This case was transferred to the undersigned by order of the Hon. Richard J. Arcara dated
December 21, 2006 (Item 20).

        [2]Sentence four of § 405(g) provides: "The court shall have power to enter, upon the pleadings and
transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of
Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Since the court
does not retain jurisdiction after remanding the case to the Commissioner under sentence four, *see
Shalala v. Schaefer*, 509 U.S. 292, 301 (1993), a sentence four remand results in judgment in favor of
plaintiff and termination of the litigation.  *Chamberlain v. Barnhart*, 382 F.Supp. 2d 867, 873 n. 4 (E.D.Tex.
2005).

## BACKGROUND

Plaintiff applied for SSDI benefits on July 30, 1997, due to blindness (Tr. 38-40).[3] At the time of his application he operated a vending stand in Syracuse, New York, under a program maintained by the New York State Commission for the Blind and Visually Handicapped.  He was transferred to Buffalo, New York, in July 1998, where he operated the vending stand at Buffalo City Hall until his retirement in January 2002 (Tr. 23-24).

In a disability determination dated September 17, 1997, plaintiff was found to be entitled to a period of disability beginning September 10, 1996, was awarded benefits as of March 1997 (Tr. 41-42, 88).  Subsequently, the Social Security Administration sent plaintiff notices in September 2000 and February 2001 requesting further information to determine if he was still eligible to receive SSDI because he had reported self-employment income of over $28,000 for 1998 and over $41,000 for 1999 (Tr. 61, 65).

As the result of this review, it was determined that plaintiff had demonstrated his ability to engage in substantial gainful activity as of April 1998, and that his entitlement to benefits had ended as of July 1998 (Tr. 69-73).  In a letter dated May 14, 2001, plaintiff was notified that he owed the Social Security Administration $2,531.00, based on overpayments he received after June 1998–specifically, $229.00 per month for July through November 1998, and $231.00 per month for December 1998 through May 1999 (Tr. 74- 76).

Plaintiff appealed this determination, and sought a waiver of collection of the overpayment (Tr. 77-85, 106-13).  Plaintiff's waiver request was denied on December 6,

---

[3]References preceded by "Tr." are to page numbers of the transcript of the administrative record, filed by defendant as part of the answer to the complaint.

2001 (Tr. 86-87, 104-05).   Plaintiff requested a hearing, which took place before Administrative Law Judge ("ALJ") Stanley A. Moskal, Jr. on December 9, 2003 (Tr. 15-37). Plaintiff appeared and testified.  He was not represented by counsel, but was assisted at the hearing by his wife, Estelle Hearn.

On January 7, 2004, ALJ Moskal issued a decision finding plaintiff had been overpaid in the amount of $2,696.00, that plaintiff was not without fault in causing and accepting the overpayment, and that recovery of the overpayment by withholding $74.00 per month from plaintiff's benefits would not defeat the purpose of the Act (Tr. 8-13).  This decision became the final determination of the Commissioner when the Appeals Council denied review on October 20, 2004 (Tr. 4-7).  This action followed.

The Commissioner seeks an order reversing her determination and remanding the matter for recalculation of the amount of overpayment due for the period from July 1998 through May 1999.  Plaintiff opposes remand, asserting that the errors made by the ALJ warrant a complete reversal of the Commissioner's determination.  Plaintiff seeks an order from this court directing the Commissioner to refund the amounts withheld from his SSDI benefit payments, totaling $1,554.00 (*see* Item 8).

## DISCUSSION

### A.   Legal Standards for Recovery of Overpayments

Under the Social Security Act, the Commissioner is obligated to recover amounts overpaid to a beneficiary, unless (1) the beneficiary is "without fault" and (2) the recovery "would defeat the purpose of [the Act] or would be against equity and good conscience." 42 U.S.C. § 404(b); *see also* 42 U.S.C. § 1383(b) (setting forth procedure for recovery).

If the claimant satisfies both of these criteria, the Commissioner is deemed to have waived her right to recovery. *Langella v. Bush*, 2004 WL 2668400, at *10 (S.D.N.Y. November 22, 2004) (citing *Valente v. Secretary of Health & Human Services*, 733 F.2d 1037, 1042 (2d Cir. 1984)).

The regulations provide that in determining fault, the Commissioner considers whether, under "all pertinent circumstances" (including the beneficiary's age, intelligence, and any physical, mental, educational, or linguistic limitations), the overpayment resulted from (a) an incorrect statement made by the individual which he or she knew or should have known to be incorrect; (b) failure to furnish information which the beneficiary knew or should have known to be material; or (c) acceptance of a payment which the beneficiary either knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507; *see Kennedy v. Apfel*, 1998 WL 567676, at *4 (S.D.N.Y. June 26, 1998), *aff'd*, 173 F.3d 844 (2d Cir. 1999). "No showing of bad faith [by the beneficiary] is necessary for a finding of fault; instead, an honest mistake may be sufficient to constitute fault." *Id.* (citing *Center v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983). A person who has been overpaid is not relieved of liability and is not without fault solely because the Social Security Administration may have been at fault in making the overpayment. 20 C.F.R. § 404.507.

If fault is found, the waiver inquiry ends. But if the beneficiary is found to be without fault, the Commissioner must then determine whether recovery would defeat the purpose of the Act, or would be against equity and good conscience. 42 U.S.C. § 404(b). The regulations provide that recovery would defeat the purpose of the Act when the individual

-4-

"needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b).

## B.      Basis for Remand

The Commissioner contends that remand is required in this case because the amount of the overpayment adjudicated by the ALJ ($2,696.00) differs from the amount plaintiff was initially assessed ($2,531.00), and it does not appear from the ALJ's decision or from the evidence in the record that the difference was properly explained to the plaintiff. According to the Commissioner, a remand would provide the opportunity for the ALJ to obtain the information necessary to secure a computational breakdown of the benefits paid during the overpayment period, and to notify plaintiff of the amount of the overpayment to be considered at any subsequent hearing. In addition, plaintiff will have an opportunity on remand to submit updated financial records in support of his request for waiver.

The court has reviewed the evidence in the file, and has considered the parties' positions as set forth in their respective written submissions. The court finds no basis for plaintiff's contention that the amounts collected as overpayments should be refunded in full. To the contrary, the record reveals that plaintiff was aware that there were limits upon the amount he could earn and still receive SSDI benefits (*see, e.g.*, Tr. 24-26), and that he became ineligible for benefits at least by August 1998, but continued to receive payments until May 1999 (Tr. 27, 134-45).

In the court's view, remand provides the best opportunity for the determination of the overpayment and waiver issues to be made based upon a fully developed record. As noted by the Commissioner, the amount of the overpayment adjudicated by the ALJ is not

the same amount for which plaintiff was initially assessed, and the record does not reflect an adequate explanation of the difference.  The ALJ determined that plaintiff was issued a check representing retroactive benefits, which apparently accounts for the discrepancy (*see* Tr. 12), but this determination was based upon a "PHUI" printout (Tr. 201-05) containing cryptic information indecipherable to this court–and presumably to plaintiff as well–without further explanation.  The Commissioner acknowledges that the record presented to the ALJ did not contain any bank statements or other evidence indicating plaintiff's receipt of this payment, or that plaintiff understood that it accounted for the discrepancy.

In addition, the Commissioner further acknowledges that the ALJ's waiver determination was made without updated financial records necessary to ascertain plaintiff's ability to repay.

Accordingly, upon remand, the Commissioner is directed to make every reasonable effort to obtain the information necessary to determine the proper computation of overpayment and to determine whether a waiver of overpayment is appropriate under the circumstances.  The Commissioner shall notify plaintiff of the results of this determination, and shall notify plaintiff of his rights to reconsideration, hearing, and appeal.

## CONCLUSION

Based on the foregoing analysis, and after a full review of the record, the Commissioner's motion (Item 6) is granted.  The Commissioner's final decision is reversed in full, and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with the matters set forth above.

The Clerk of the Court is directed to enter judgment accordingly.

So ordered.

\s\ John T. Curtin

JOHN T. CURTIN
United States District Judge

Dated:   March  8  , 2007
p:\opinions\04-990.feb2307